UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JUAN ANDRES DIAZ MAYA                    CASE NO. 1:26-CV-02638 SEC P

VERSUS                                   JUDGE ROBERT R. SUMMERHAYS

ELEAZAR GARCIA, ET AL.                   MAGISTRATE JUDGE PEREZ-MONTES

**ORDER and REASONS**

Before the Court is an "Emergency Ex Parte Motion for a Temporary Restraining Order and/or Preliminary Injunction" [ECF No. 2], filed by habeas petitioner, Juan Andres Diaz Maya. For the reasons that follow, the motion is DENIED.

Petitioner is an immigration detainee in the custody of the United States Immigration and Customs Enforcement (ICE) and detained at Winn Correctional Center in Winnfield, Louisiana.[1] Petitioner is a native and citizen of Venezuela, who entered the United States on or about December 29, 2021.[2] Shortly after his entry, he was apprehended by U.S. Border Patrol and transferred to the custody of ICE.[3] On January 4, 2022, Petitioner was released on his own recognizance pursuant to 8 U.S.C. § 1226(a).[4] On July 29, 2022, Petitioner filed an Application for Asylum and for Withholding of Removal, which remains pending at this time.[5] On October 28, 2024, Petitioner was granted Temporary Protected Status (TPS), which remains valid through May 10, 2030.[6] His

---

[1] ECF No. 1 at 2–3.
[2] *Id.* at 3.
[3] *Id.*
[4] *Id.*; *see also* ECF No. 1-2 at 20 ("Pursuant to the authority contained in section 236 of the Immigration and Nationality Act . . ., I have determined . . . you will be . . . [r]eleased . . . [o]n [y]our [o]wn [r]ecognizance").
[5] ECF No. 1 at 4; *see also* ECF No. 1-3 at 8–9.
[6] ECF No. 1 at 4; *see also* ECF No. 1-2 at 49–54.

application for employment authorization was approved on March 7, 2023, and remains valid through May 8, 2030.[7]

On May 23, 2026, Petitioner was stopped by an officer with the Miramar Police Department (State of Florida) and issued citations for speeding and improper lane change.[8] He was immediately transferred into ICE custody, issued a new Notice to Appear the same day, and has remained in custody since that time.[9] On July 21, 2026, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus, alleging his detention violates: (1) the Immigration and Nationality Act and the *Accardi* doctrine;[10] (2) the Administrative Procedures Act; (3) the due process and equal protection clauses of the Fifth Amendment to the U.S. Constitution; and (4) the suspension clause of Article I, Section 9 of the U.S. Constitution. Petitioner asks this Court to order his immediate release from custody under reasonable conditions of supervision, or alternatively, order a prompt, individualized and constitutionally adequate custody hearing before a neutral decision-maker at which the government bears the burden of justifying continued detention by clear and convincing evidence.[11] The same day, Petitioner filed the pending motion for temporary restraining order, wherein he seeks the same relief sought by the habeas petition, but asks the Court to grant the requested relief immediately.[12]

The purpose of a temporary restraining order "is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits."[13] To warrant such relief, the

---

[7] ECF No. 1-2 at 4, 47; ECF No. 1-3 at 4

[8] ECF No. 1-3 at 18–19.

[9] *Id.* at 12–16.

[10] *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *see also Morton v. Ruiz*, 415 U.S. 199, 235 (1974)

[11] ECF No. 1 at 20.

[12] ECF No. 2 at 5.

[13] *Sambrano v. United Airlines, Inc.*, 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. Of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)); *see also Saechao v. Noem*, 3:26-CV-0624, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026)

movant must demonstrate: "(1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest."[14] "In considering these four prerequisites, the court must remember that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion."[15] Further, preliminary injunctions should "not conclusively resolve legal disputes," and thus they should not be used as a vehicle for granting ultimate relief.[16]

Here, to the extent Petitioner asks the Court to order his immediate release from confinement, he seeks the ultimate relief sought in his habeas petition, which is inappropriate in a motion for injunctive relief.[17] This issue is more appropriately addressed through the ordinary adjudication of the habeas petition. Accordingly,

IT IS HEREBY ORDERED that the "Emergency Ex Parte Motion for a Temporary Restraining Order and/or Preliminary Injunction" [ECF No. 2] is DENIED.

THUS DONE in Chambers on this 23rd day of July, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[14] *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430, 435 (5th Cir. 1981)).
[15] *Canal Auth.*, 489 F.2d at 573.
[16] *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025); *see also Saechao* at *1; *Pema Sherpa v. Judith Almodovar, et al.*, No. 3:25-CV-1718, 2026 WL 74401, *2 (W.D. La. Jan. 9, 2026); *Singh v. Acting Field Officer Director*, No. 3:26-CV-388, 2026 WL 478634, at *1 (W.D. Tex. Feb. 11, 2026); *Torbino Vinces v. Mullin*, No. 3:26-cv-1392, 2026 WL 1196633, *1 (N.D. Tex. May 1, 2026).
[17] *See e.g. Torres Perez v. Warden of Prarieland Det. Ctr.*, No. 3:26-CV-858, 2026 WL 776039, at *1 (N.D. Tex. Mar. 19, 2026).